22-6090
Martinez Duarte De Martinez v. Garland

BIA
Gordon, IJ
A208 278 003/004/005
A208 280 145/146

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of June, two thousand twenty-four.

PRESENT:
　　　　　WILLIAM J. NARDINI,
　　　　　ALISON J. NATHAN,
　　　　　MARIA ARAÚJO KAHN,
　　　　　　　*Circuit Judges.*
_____

VIRGILIA DE JESUS MARTINEZ DUARTE DE MARTINEZ, JOSE ROLANDO MARTINEZ-MARTINEZ, JOSE DANIEL MARTINEZ-LEMOS, ANA CECILIA MARTINEZ-MARTINEZ, JENNY CAROLINA MARTINEZ-MARTINEZ,
　　　　　*Petitioners*,

　　　v.　　　　　　　　　　　　　　　　22-6090
　　　　　　　　　　　　　　　　　　　NAC

**MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,**
     *Respondent.*

_____

**FOR PETITIONERS:**          Bruno J. Bembi, Hempstead, NY.

**FOR RESPONDENT:**          Brian Boynton, Principal Deputy Assistant Attorney General; Carl H. McIntyre, Jr., Assistant Director; Paul Fiorino, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners, natives and citizens of Guatemala, seek review of a February 7, 2022, decision of the BIA affirming a March 28, 2019, decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Martinez Duarte De Martinez, et al.*, Nos. A208 278 003/004/005, A208 280 145/146 (B.I.A. Feb. 7, 2022), *aff'g* Nos. A208 278 003/004/005, A208 280 145/146 (Immigr. Ct. N.Y. City Mar. 28, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's factual findings under the substantial evidence standard and we review questions of law *de novo*. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An applicant for asylum and withholding of removal has the burden to establish past persecution or a well-founded fear (asylum) or likelihood (withholding of removal) of future persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." *Id.* §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(a), (b), 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 107–14 (2d Cir. 2022) (holding that the "one central reason" standard applies to both asylum and withholding of removal applications). For either form of relief, the applicant must establish a protected ground, and show that the ground, such as family membership, was "at least one central reason for" the claimed persecution. *Garcia-Aranda v. Garland*, 53 F.4th 752, 757 (2d Cir. 2022) (quotation marks omitted). "In cases where there is more than one motive for

3

mistreatment (also known as mixed-motive cases), . . . an applicant's status as a member of a particular social group . . . must be at least one of the central reasons, rather than a minor reason, for why that individual is being targeted." *Id.* Accordingly, "the fact that a persecutor targets a family member simply as a means to an end is not, by itself, sufficient to establish a claim[.]" *Id.* (quotation marks omitted). Rather, an "applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the" protected characteristic. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005); *see also Paloka v. Holder*, 762 F.3d 191, 196–97 (2d Cir. 2014) ("Whether the requisite nexus exists depends on the views and motives of the persecutor." (quotation marks omitted)).

Petitioners' brief focuses on the cognizability of their proposed social groups, which the BIA assumed, and they do not separately challenge the agency's determination that they failed to establish a nexus to their proposed groups (i.e., that gang members were motivated by animosity towards their family). Moreover, the agency reasonably concluded that the petitioners failed to show that their membership in their family was a central reason, rather than "tangential or incidental" reason, that gang members targeted them. *Garcia-Aranda*, 53 F.4th at

758.  Gang members approached the family's children at school, asked them to ask their father for money, and threatened to recruit or kidnap them absent payment.  Thus, the record reflects that the gang was principally motivated by money.  *Id.* at 757–58; *Quituizaca*, 52 F.4th at 115.  Such ordinary criminal motives do not establish that the family was targeted on account of a protected ground, and there was no other evidence to suggest that gang members had animosity towards this specific family.  *See Paloka*, 762 F.3d at 196–97.  This nexus determination is dispositive of both asylum and withholding of removal.  *See Garcia-Aranda*, 53 F.4th at 758.

Finally, Petitioners' CAT claim is unexhausted and not properly before us because they did not argue it before the BIA.  *See* 8 U.S.C. § 1252(d)(1); *Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
